IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARLA PATTERSON, INDIVIDUALLY, AND
AS NEXT FRIEND AND GUARDIAN OF
CHRISTOPHER JAKE PATTERSON AND
ABBY KATE PATTERSON                                                                    PLAINTIFFS

VS                                                                             No. 1:06CV204-D-D

STATE FARM INSURANCE, ET. AL.                                              DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently pending before the Court is the Plaintiffs' motion to remand this matter to the Circuit Court of Lee County, Mississippi. Upon due consideration, the Court finds that the motion shall be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiffs purchased insurance coverage with Defendant State Farm. There is some dispute whether Defendant Rich Potter, a State Farm agent, sold the insurance policy to the Plaintiffs. However, Defendant Rich Potter was the Plaintiffs' assigned agent at the time of the July 24, 2005, accident. On July 24, 2005, the Plaintiffs were involved in a major automobile accident. The driver at-fault did not have sufficient insurance coverage to cover the Plaintiffs' major injuries. The Plaintiffs sought payment through State Farm on their uninsured motorist coverage. As of this date, State Farm has failed make a decision regarding coverage and has failed to remit payment. The Plaintiffs filed this action on June 23, 2006, in the Circuit Court of Lee County, Mississippi. The Plaintiffs allege that Defendant State Farm has unreasonably delayed the investigation into whether insurance coverage existed and has delayed payment to the Plaintiffs under their insurance coverage. The Plaintiffs also claim that agent Rich Potter unreasonably failed to timely provide the Plaintiffs

with their requested policy information. The Plaintiffs further allege that State Farm and Rich Potter acted in bad faith and breached the implied duty of good faith and fair dealing. The Plaintiffs also make a claim against State Farm for negligent or intentional infliction of emotional distress. The Plaintiffs allege that Defendant Rich Potter negligently or intentionally misrepresented their policy information and also concealed the true nature of their policy.

The Defendants removed the action to this Court on July 20, 2006, pursuant to 28 U.S.C. § 1332 citing diversity jurisdiction. The Plaintiffs now move this Court to remand this action to the Circuit Court of Lee County. The Plaintiffs state that complete diversity does not exist. The parties do not contest the amount in controversy. However, the Defendants assert that remand is not proper because the Plaintiffs improperly joined Defendant Rich Potter.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . . " 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the Plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing Defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved in favor of remand. Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000). In the case *sub*

*judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the Court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs are resident citizens of Lee County, Mississippi. The individual Defendant, Rich Potter, is also a resident citizen of Lee County, Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Court finds that Potter has been improperly joined in order to defeat diversity. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002); Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). However, should the Court find that the non-diverse defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003); Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging improper joinder bears the burden of persuasion and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. Travis, 326 F.3d at 647-48.

The Defendants here do not allege outright fraud. Thus, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court

to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Central R.R. Co., 385 F.3d 538, 573 (5th Cir. 2004) (en banc). In making this determination, the Court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005). In addition, the Court must resolve all ambiguities in the controlling state law in the Plaintiffs' favor. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

Likewise, in evaluating a claim of improper joinder, the Court does not determine whether the Plaintiff will actually prevail on the merits of the Plaintiffs' claims. Instead, the Court simply determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly improperly joined individual Defendant. Rodriguez, 120 F.3d at 591; see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992). In moving for remand, the Plaintiffs' burden is "much lighter" than that required to survive motion for summary judgment; instead there only need be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for a case to be remanded. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941).

As set forth below, the Court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against the individual Defendant. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

*C. Discussion*

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Central R.R. Co., 385 F.3d at 573. In the case *sub judice*, the Plaintiffs allege that the individual Defendant breached his duty of good faith and fair dealing, negligently or intentionally misrepresented or concealed the Plaintiffs' policy information and their rights as insureds, and acted with unreasonable delay in timely providing policy information and information regarding Plaintiffs' claims. These alleged acts were all done in response to Plaintiffs' making a claim upon Defendant State Farm.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own toritious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. Hart, 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (*quoting* Mississippi Printing Co. Inc., v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see American Fire Prot., Inc. v. Lewis, 653 So. 2d 1387, 1391 (Miss. 1995) ("[A]n individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation."). Here, the Plaintiffs have alleged that the individual Defendant, as an agent for State Farm, directly participated in the commission of the torts of bad faith, misrepresentation, concealment, and unreasonable delay while within the scope of his employment.

The Defendants claim, however, that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendant in state court. The Defendants assert that Defendant Rich Potter was not the agent who sold the Plaintiffs their policies. In addition, the Defendants argue that the Plaintiffs have made contradictory and even false statements regarding their insurance coverage. The Defendants state, without much persuasive or precedential law, that

the Plaintiffs cannot maintain an independent action against the individual Defendant in state court.

Upon review of the parties' submissions, the Court finds that the scenario set forth in the Plaintiffs' pleadings, if true, could possibly result in liability being imposed on Potter for his alleged conduct. The Plaintiffs have sufficiently set forth specific allegations, in paragraphs 17, 26-28, and 30-32 of the Complaint, demonstrating that Potter may have engaged in conduct that would support a finding of breach of the duty of good faith and fair dealing and negligent or intentional misrepresentation and concealment. See, e.g., McDaniel v. Citizens Bank, 937 So. 2d 26, 29 (Miss. Ct. App. 2006) (setting forth elements of breach of the implied covenant of good faith and fair dealing under Mississippi law); Eagle Management, LLC. v. Parks, 938 So. 2d 899, 905 (Miss. 2006) (setting forth elements of negligent misrepresentation under Mississippi law). Accordingly, the Court finds that the Plaintiffs' allegations are sufficient to potentially state claims for breach of the implied covenant of good faith and fair dealing and negligent misrepresentation under Mississippi law.

Thus, the Court finds that the Defendants have not met their burden of showing that this Court has jurisdiction over this matter. The Court further finds that the Defendants have failed to prove that Defendant Rich Potter was improperly joined in order to defeat diversity jurisdiction. The Court notes that the Defendants' brief was filled mostly with accusations and innuendo. This Court is not the place to raise such matters. The Court finds that the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiffs will be able to state a claim against the individual Defendant.

*D. Conclusion*

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises the possibility that they could

successfully establish a tort claim against the individual Defendant Rich Potter under Mississippi law. Accordingly, Potter's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this action means that complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, pursuant to 28 U.S.C. § 1447(c) this cause shall be remanded to the Circuit Court of Lee County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of February 2007.

/s/ Glen H. Davidson
Chief Judge